THE WAUSAU BOOM COMPANY vs. PLUMER.

*March 15 — March 30, 1880.*

*Charter construed. When plaintiff's right of action for boomage accrues.*

1. The provision of plaintiff's charter; that its boomage charges, at the rate per thousand feet there prescribed, " shall be due and payable as soon as the amount thereof is ascertained " (P. & L. Laws of 1871, ch. 45, sec.

13), does not prevent the company from maintaining an action for such charges as soon as it shall have ascertained the quantity of logs as accurately as is possible under the circumstances, or require either that it and the owner shall *agree* on the quantity, or that it shall ascertain such quantity by *actual measurement*, which is not practicable while the logs are in the water.

2. A resolution of the plaintiff company provides that the amount of boomage charges shall be ascertained by "counting the logs into the boom." *Held*, that the rule is reasonable, and the company may maintain an action for the charges when so ascertained, although the number of feet may have been overestimated.

APPEAL from the Circuit Court for *Outagamie* County.

Defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

For the appellant there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

For the respondent there was a brief by *Silverthorn & Hurley*, and oral argument by *Mr. Hurley*.

LYON, J. This is an action to recover for the boomage of a quantity of logs belonging to the defendant, received and stored in the plaintiff's boom at Wausau. The logs were counted as they were run into the boom, and the number of feet estimated, and the amount due for boomage ascertained by such count. The plaintiff charged for 5,000,000 feet, but on the trial before the referee the quantity was stipulated at 3,490,000 feet. The plaintiff recovered the established rate for the boomage of the latter quantity, and the defendant has appealed from the judgment. The charter of the plaintiff company provides that the lawful charges for boomage of logs or timber received or stored in its booms shall not exceed 50 cents per 1,000 feet, "which shall be due and payable as soon as the amount thereof is ascertained." P. & L. Laws of 1871, ch. 45, sec. 13. The only ground upon which it is claimed that this judgment should be reversed, is, that the number of feet of defendant's logs received or stored in the boom had

not been definitely ascertained when the action was commenced, and hence that nothing was then due therefor, and the action was prematurely brought. The point is not well taken. Manifestly, the legislature did not intend by that section that an action for boomage cannot be maintained until the boom company and the owner agree on the quantity of logs boomed, or until the company accurately ascertains the quantity, which can only be done by actual measurement. Yet that is the construction contended for.

The proper construction of the statute is, that the company may ascertain the quantity of logs as accurately as is practicable under the circumstances, and may then maintain an action for the boomage charges thereon.

The company, by a resolution of its board of directors, provided that the amount of boomage charges shall be ascertained by counting the logs into its boom. We think this a reasonable mode of ascertaining the amount of such charges; and when so ascertained the company may maintain actions therefor, notwithstanding the number of feet contained in the logs so counted are overestimated. The company avails itself of the only element of certainty reasonably within its reach when it counts the logs. The number of feet which they contain must necessarily be ascertained by estimate; for we suppose it is not practicable to scale logs floating or lying in the water in large masses.

*By the Court.* — The judgment of the circuit court is affirmed.